# Court of Appeals
# of the State of Georgia

ATLANTA,  July 07, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2243. TA LOCUST GROVE, LLC, v. SHUMATE MECHANICAL, LLC.

In this civil action, the trial court issued an order denying the motion for summary judgment filed by defendant TA Locust Grove, LLC ("TALG"), in which TALG sought judgment in its favor all on claims asserted by plaintiff Shumate Mechanical, LLC ("Shumate"). After the trial court certified its ruling for immediate review, TALG filed an application for interlocutory review of the order, which this Court denied. Case No. A26I0145 (Mar. 19, 2026). TALG also filed the instant direct appeal of the order. We lack jurisdiction.

An order denying a motion for summary judgment, such as the trial court's order here, is not directly appealable and must be appealed in accordance with the interlocutory appeal procedures set forth in OCGA § 5-6-34(b), including obtaining a certificate of immediate review from the trial court. See OCGA § 9-11-56(h); *Ga. Central Credit Union v. Cole*, 239 Ga. 870, 870–71 (239 SE2d 37) (1977); *Sharpe's Appliance Store v. Anderson*, 161 Ga. App. 112, 112 (289 SE2d 312) (1982). TALG claims that the order here is directly appealable because it "granted summary judgment as to certain issues." See OCGA § 9-11-56(h) ("An order granting summary judgment on any issue or as to any party shall be subject to review by appeal."). However, a close review of the order indicates that the trial court denied TALG's motion for summary judgment based on its finding that there were genuine issues of material fact on Shumate's claims, and that it did not grant Shumate summary judgment on any issues or claims. See OCGA § 9-11-56(c) ("[Summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Andrews v. Blue Ridge NH Assocs.*, 353 Ga. App. 75, 79(1) (836 SE2d 197) (2019) ("A summary judgment is a judgment on the merits of the underlying claims or defenses."); cf. *State v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 397–98(3) (788 SE2d 455) (2016) (order that denied summary judgment to the defendant and granted partial summary judgment to the plaintiff was directly appealable under OCGA § 9-11-56(h)). Although the trial court found that TALG holds a lienable interest in the property at issue, the court did not specify that any defense raised by TALG failed as a matter of law. Cf. *City of Atlanta v. Chambers*, 205 Ga. App. 834, 835(1) (424 SE2d 19) (1992) ("[I]nsofar as the trial court held that, 'as a matter of law,' municipal immunity would not constitute a viable defense to that theory of recovery, it is clear that the trial court, in effect, granted partial summary judgment in favor of [the plaintiff] and against the [defendant] as to that defense."). Further, the trial court certified its order for immediate review, and this Court denied TALG's application for interlocutory review. See *Lumbermen's Underwriting Alliance v. Atlantic Wood Industries*, 207 Ga. App. 392, 392–93 (427 SE2d 861) (1993) ("The trial court's order denying appellant's motion for summary judgment in the instant case did not specify that, 'as a matter of law,' res judicata would not constitute a viable defense. Instead, the trial court certified its order for immediate review and appellant's application for interlocutory appeal was denied by this [C]ourt. Accordingly, the order from which appellant seeks to appeal directly purports to be entirely interlocutory and cannot, therefore, be construed as, in effect, the grant of summary judgment in favor of appellee-plaintiff as to that defense.") (cleaned up).[1]

---

[1] We note that if the trial court's order here were subject to direct appeal, this Court would have granted TALG's interlocutory application. See *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). We also note that while the denial of an interlocutory application does not operate as res judicata, that rule is premised on the fact that the denial could have been based on the appellate court's desire to wait until a final judgment was entered before exercising appellate review, rather than a

In conclusion, because TALG improperly seeks to appeal an order denying summary judgment via direct appeal, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __07/07/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

determination on the merits, but the instant case stands in the same procedural posture as when this Court denied TALG's interlocutory application. See *C & S Nat. Bank v. Rayle*, 246 Ga. 727, 731 (273 SE2d 139) (1980).